**In the United States District Court
for the District of Kansas**

───────────

Case No. 24-cv-01062-TC-BGS

───────────

HOWARD'S OPTICAL DISPENSARY, INC.,

*Plaintiff*

v.

UNITED STATES
SMALL BUSINESS ADMINISTRATION, ET AL.,

*Defendants*

───────────

**MEMORANDUM AND ORDER**

Plaintiff Howard's Optical Dispensary, Inc., filed this suit against the United States Small Business Administration and Citizens Bank of Kansas alleging breach of contract and conversion regarding an Economic Injury Disaster Loan. Doc. 6 at 1. Both Defendants moved to dismiss. Docs. 9 & 11. For the following reasons, Defendants' motions are granted.

**I**

**A**

A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*,

1

656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 332 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted); *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

**B**

Howard's Optical is a retailer of optical and dispensary services in Wichita, Kansas. Doc. 6 at 2.[1] In 2020, it applied for a Small Business Administration Economic Injury Disaster Loan. *Id.* at 3. The SBA offered these loans to help small businesses during the COVID-19

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF.

pandemic. The SBA approved Howard's Optical's application and deposited $150,000 into Howard's Optical's Citizens Bank account. *Id.*

In the spring of 2021, Howard's Optical applied for a second disaster loan. Doc. 6 at 3. The SBA approved Howard's Optical's application for an additional $246,900. *Id.* Relying on this approval, Howard's Optical purchased various pieces of equipment on credit, intending to pay back those loans with the proceeds of the second disaster loan. *Id.* The SBA attempted to fund the second loan into the same account as the first loan. *Id.* at 4. But as it turned out, Citizens Bank had closed that account in the time between the first and second deposits. *Id.* When the SBA sent Citizens Bank the funds, the bank did not have a corresponding account for Howard's Optical. Doc. 6 at 4. Citizens Bank then sent the funds back to the SBA. *Id.*

Howard's Optical realized immediately that something was amiss. On the morning that the SBA sent the funds to Citizens Bank, Howard's Optical emailed the SBA asking to change the bank account information and noting that "the payment has already been processed." Doc. 6 at 41. The SBA did not resend the funds. *Id.* at 5. Howard's Optical continued to correspond with the SBA for months, to no avail. *Id.* Eventually in November 2023, the SBA confirmed to Howard's Optical that the funds were returned to the SBA, and that the SBA had disbursed them to other applicants. *Id.* at 6. The SBA also confirmed that all the disaster loan funds were exhausted, and that Howard's Optical would not receive the second loan. *Id.*

Howard's Optical then filed suit against the SBA and Citizens Bank. Doc. 6 at 1. It brings claims of specific performance, breach of contract, and promissory estoppel against the SBA, and a claim of conversion against Citizens Bank. *Id.* Both Defendants filed motions to dismiss, Docs. 9 and 11, which are ripe for decision.

## II

Howard's Optical does not state a plausible claim of conversion against Citizens Bank—even if it did, its claim is barred by the applicable statute of limitations. And it has no standing to bring its claims against the SBA. Accordingly, Defendants' motions are granted.

## A

Howard's Optical brings a claim for conversion against Citizens Bank. Doc. 6 at 1. Citizens Bank urges dismissal for two reasons: Because Kansas law does not recognize a claim for the conversion of money and because Howard's Optical filed its claim too late.[2] Doc. 9 at 3–4. Citizens Bank is right on both points.

**1.** Under Kansas law, conversion is the "unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 378 P.3d 1090, 1095 (Kan. 2016). To prevail on a conversion claim, the plaintiff must show that the defendant assumed the right of ownership over his or her property without authorization and to the exclusion of his rights. *Lucas v. S. Meridian Park, LLC*, 294 P.3d 362 (Kan. Ct. App. 2013).

An action will not lie "for conversion of a mere debt or chose in action." *Temmen v. Kent-Brown Chevrolet Co.*, 605 P.2d 95, 99 (Kan. 1980); *see Moore v. State Bank of Burden*, 729 P.2d 1205, 1210 (Kan. 1986) ("Generally, an action for conversion will not lie for the recovery of an ordinary debt or account."). Money deposited into the bank becomes property of the bank and, as a result, cannot be converted. *Moore*, 729 P.2d at 1210; *Chilson v. Cap. Bank of Miami, Fla.*, 701 P.2d 903, 906 (Kan. 1985); *accord Farm Bur. Mut. Ins. Co. v. Carmody*, 88 P.3d 1250, 1255 (Kan. Ct. App. 2004) (noting that the deposit of a check creates a creditor/debtor relationship between the account holder and the bank);

---

[2] The parties assume Kansas law applies. Thus, their motions are analyzed pursuant to that assumption. *See Digital Ally, Inc. v. Z3 Tech., LLC*, 754 F.3d 802, 812 (10th Cir. 2014). A federal court sitting in diversity must "apply the substantive law of the forum state." *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 713 (10th Cir. 2014). That law arises from state statute and decisions of a state's highest court. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, decisions of the Kansas Supreme Court govern the legal analysis. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citing *High Plains Nat. Gas Co. v. Warren Petroleum Co.*, 875 F.2d 284, 288 (10th Cir. 1989)). If the law is ambiguous, a federal district court must look to the Kansas Supreme Court's rulings, "and if no such rulings exist, [it] must endeavor to predict how the high court would rule." *Finstuen v. Crutcher*, 496 F.3d 1139, 1148 (10th Cir. 2007) (quoting *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006)).

*Baker v. Brial*, 341 P.2d 987, 989 (Kan. 1959) (holding that a fraudulent withdrawal was not a conversion because "the money would constitute the property of the bank and not the property of the [plaintiff]").

Howard's Optical has not alleged a plausible claim against Citizens Bank for conversion because the object of its claim is money. When Citizens Bank received the electronic transfer of funds from the SBA, the relationship of creditor and debtor arose, notwithstanding that Howard's Optical's account was closed. *Moore*, 729 P.2d at 1210. And under Kansas law, "money deposited . . . becomes the property of the bank [and] ordinarily cannot be the subject of an action for conversion." *Id.*; *Temmen*, 605 P.2d at 99; *Baker* 341 P.2d at 989; *see also* 18 Am. Jur., 2d Conversion § 8 ("[A]n action for conversion will not lie where the property involved is a general bank account."). Indeed, the Kansas Supreme Court has noted that a plaintiff in Howard's Optical's position has a cause of action for breach of contract rather than conversion. *Baker*, 341 P.2d at 989.

Howard's Optical's contrary argument fails. It posits that the funds in question here are not akin to indebtedness, but rather are "akin to a check." Doc. 14 at 9. It is true that Kansas recognizes the conversion of a check. *Carmichael v. Halstead Nursing Ctr., Ltd.*, 701 P.2d 934, 938 (Kan. 1985). But Howard's Optical offers no authority for the premise that an electronic funds transfer is akin to a check for the purpose of conversion. In any event, Kansas law forecloses Howard's Optical's argument. *See* Kan. Stat. Ann. § 84-3-420(a) ("An action for conversion of an instrument may not be brought by . . . a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee."). Moreover, Kansas law is clear that money deposited into a bank becomes property of the bank and is not amenable to conversion. *Moore*, 729 P.2d at 1210–11.

**2.** Citizens Bank further argues that, even if Howard's Optical pled a claim for conversion, the claim is barred by the applicable statute of limitations. That is correct.

Conversion is subject to a two-year statute of limitations. Kan. Stat. Ann. § 60-513(a)(2); *Armstrong*, 378 P.3d at 1096. And suit was filed on or about February 16, 2024. Doc. 1.

The sole question is when Howard's Optical's claim accrued. Under Kansas law, a cause of action "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial

injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." Kan. Stat. Ann. § 60-513(b); *see also Schoenholz v. Hinzman*, 289 P.3d 1155, 1161 (Kan. 2012) ("When a bailee makes an unauthorized disposition of the bailor's property, the bailor may have a cause of action for conversion."). The phrase "reasonably ascertainable" does not require actual knowledge. *Mid-Continent Anesthesiology, Chartered v. Bassell*, 504 P.3d 1069, 1081 (Kan. Ct. App. 2021). Plaintiffs have an obligation to "reasonably investigate available sources that contain the facts of the injury and its wrongful causation." *Leathers v. Leathers*, 856 F.3d 729, 757 (10th Cir. 2017).

Howard's Optical's claim is barred by the statute of limitations because it accrued on or about February 8, 2022. On that date, Howard's Optical knew or should have known through reasonable investigation, that Citizens Bank sent the funds back to the SBA. In fact, Howard's Optical's Complaint suggests that it had actual knowledge of the alleged conversion on that date. *See* Doc. 6 at 4 (alleging that Citizens Bank sent back the funds); Doc. 6 at 41 (email from Howard's Optical to the SBA noting that "the payment has already been processed"). At the very least, the fact that Citizens Bank sent back the funds was reasonably ascertainable on February 8, 2022. *See Mid-Continent Anesthesiology*, 504 P.3d at 1081 (noting that what matters is "having *sufficient information to investigate* whether and to what degree an injury exists") (emphasis in original); *Ives v. McGannon*, 149 P.3d 880, 887 (Kan. Ct. App. 2007) ("Kansas law clearly holds that the critical information to trigger the running of the statute of limitations is knowledge of the fact of injury, not the extent of injury."). Given that Howard's Optical knew that the SBA had sent the payment to a closed account, it could have contacted Citizens Bank to investigate the whereabouts of the funds. Howard's Optical has not alleged that it made any such effort. Thus, its claim accrued on February 8, 2022, more than two years before it filed suit. Doc. 1.

Howard's Optical contends a delay theory of accrual that fails as a matter of Kansas law. In particular, it argues that the conversion claim accrued on November 8, 2022. Doc. 14 at 5. That is the date that the SBA informed Howard's Optical that it would not fund the second loan. Howard's Optical reasons that "[u]ntil [November 8], it was not reasonably ascertainable that [Citizens Bank's] actions caused Plaintiff

6

to permanently lose access to the funds it was approved to receive." Doc. 14 at 6.

This argument misunderstands conversion. For one thing, it implies that there would have been no conversion had the SBA eventually funded the second loan. And for another, it conflates the extent of injury with the fact of injury. The injury in conversion is another's alienation of one's property, not any subsequent consequences of that alienation. *Armstrong*, 378 P.3d at 1095 (conversion is the exercise of the right of ownership over property belonging to another); *Queen v. Lynch Jewelers, LLC*, 55 P.3d 914, 921 (Kan. Ct. App. 2002) ("One in possession of a chattel, as a bailee or otherwise, who, on demand, refuses without proper qualification to surrender it to another entitled to its immediate possession is subject to liability for conversion."). The question is not whether it was reasonably ascertainable that Citizens Bank's actions would cause Howard's Optical to lose out on the second loan, but rather whether the return of the funds to the SBA was reasonably ascertainable. *Contra* Doc. 14 at 6. That Howard's Optical ultimately did not get the second loan goes to the *extent* of damages arising from the alleged conversion, not the *fact* of injury itself. *Ives*, 149 P.3d at 887 (noting that the issue is the fact of injury itself). Any conversion would have occurred when Citizens Bank exercised the right of ownership over the funds on February 8.

## B

The SBA argues that Howard's Optical lacks standing because its injury is not redressable. As explained below, the SBA is correct.

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting U.S. Const. art. III, § 2, cl. 1.); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "For there to be a case or controversy under Article III, the plaintiff must have . . . standing." *TransUnion*, 594 U.S. at 423. "Regardless of the stage of litigation at which [federal courts evaluate] standing, the standing inquiry remains focused on whether the party invoking jurisdiction had a sufficient stake in the outcome when the suit was filed." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1162 (10th Cir. 2023). Plaintiffs "must demonstrate standing separately for each form of relief sought." *WildEarth Guardians v. Pub/Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 185 (2000)) (internal quotation marks omitted).

7

Standing requires a plaintiff to have "suffered an injury in fact" that is "fairly traceable to the challenged action of the defendant" and is likely to be "redressed by a favorable decision." *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "These requirements ensure that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" *Looper*, 22 F.4th at 876 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

The injury in fact must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (cleaned up). For an injury to be concrete, it must be "real" rather than "abstract," but not necessarily "tangible." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190–91 (10th Cir. 2021). In other words, "it must actually exist." *Spokeo*, 578 U.S. at 340. And "[a] statutory violation does not necessarily establish injury in fact." *Looper*, 22 F.4th at 876 (explaining that *Spokeo* and *TransUnion* recently clarified that fact). "For an injury to be particularized, it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1); *see also Spokeo*, 578 U.S. at 339. "[A]ctual or imminent [means] that the injury must have already occurred or be likely to occur soon." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). And "[a]n alleged future injury is sufficiently imminent 'if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Looper*, 22 F.4th at 876 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

As to causation, the plaintiff must show that "its injury is 'fairly traceable to the challenged action'" of the defendant. *Rocky Mountain Peace & Just. Ctr. v. U.S. Fish & Wildlife Serv.*, 40 F.4th 1133, 1152 (10th Cir. 2022) (quoting *Friends of the Earth*, 528 U.S. at 180). For Article III purposes, that means "proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005). To make that showing, "plaintiffs bear the burden of pleading and proving concrete facts showing that the defendant's *actual action* has caused the [harm or a] substantial risk of harm." *Rocky Mountain Peace & Just. Ctr.*, 40 F.4th at 1152 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)) (internal quotation marks omitted).

Regarding redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1325 (10th Cir. 2022) (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted). In other words, "a party must show that a favorable court judgment is likely to relieve the party's injury." *WildEarth*, 690 F.3d at 1182 (quoting *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011)). "The plaintiff must show that a favorable judgment will relieve a discrete injury, although it need not relieve his or her every injury." *WildEarth*, 690 F.3d at 1182 (quoting *Nova Health Sys.*, 416 F.3d at 1158).

And finally, when assessing standing, federal courts are not to "open the door to merits considerations at the jurisdictional stage." *Smith v. Albany Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 121 F.4th 1374, 1378 (10th Cir. 2024) (internal quotation marks omitted). Thus, "[f]or purposes of standing, [courts] must assume the Plaintiffs' claim has legal validity." *COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1220 (10th Cir. 2016) (quoting *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1092–93 (10th Cir. 2006) (en banc)). In other words, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

Howard's Optical has no standing because its injury is not redressable.[3] In particular, the EIDL funds have lapsed. Doc. 6 at 6; *see also* Doc. 11-2 (declaration of an SBA Supervisory Loan Specialist that EIDL funds were exhausted). And there is more—Congress has expressly rescinded all EIDL funds. *See* Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, 137 Stat. 10. "It is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation." *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994); *see also Shawnee Tribe v. Mnuchin*, 984 F.3d 94, 99 (D.C. Cir. 2021). Thus, a federal court cannot order the expenditure of EIDL funds. *City of Hous.*, 24 F.3d at 1424.

---

[3] Because Howard's Optical has failed to establish Article III standing, and standing is a jurisdictional requirement that demands "strict compliance," the SBA's alternative arguments are not considered. *Raines v. Byrd*, 521 U.S. 811, 819 (1997); *see Gill v. Whitford*, 585 U.S. 48, 72 (2018) ("In cases where a plaintiff fails to demonstrate Article III standing, we usually direct the dismissal of the plaintiff's claims.").

This means that Howard's Optical's injury cannot and will not be "redressed by a favorable decision." *Atlas Biologicals*, 50 F.4th at 1325. At least two district courts have reached this result in similar circumstances involving COVID-19 loans. *Dini v. Guzman*, No. 22-00511, 2023 WL 3790813, at *3 (D.N.M June 2, 2023) ("Here, the Court cannot grant relief to redress Petitioner's alleged injuries because the appropriated funds have been exhausted, and the program has been closed."); *Huang v. Small Bus. Admin.*, No. 22-03363, 2023 WL 3028087, at *4 (N.D. Cal. Apr. 19, 2023) ("The Court cannot order the SBA to provide a COVID EIDL loan to Plaintiff's business because the program has lapsed. Plaintiff's alleged injury is therefore not redressable.") (citation omitted).

### III

For the foregoing reasons, Defendants' Motions to Dismiss, Docs. 9 and 11, are GRANTED. The case is DISMISSED.

It is so ordered.

Date: April 30, 2025                    s/ Toby Crouse
                                        Toby Crouse
                                        United States District Judge